UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
KAREEM LEE,

                   Petitioner,

-against-

BRIAN FISCHER,

                   Respondent.
----------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

09-CV-4006 (BMC)

**COGAN,** District Judge:

Petitioner Kareem Lee, currently incarcerated at Upstate Correctional Facility, seeks a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. 2254, as amended by Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1219 (1996). The Court directs petitioner to show cause within 30 days of the entry of this Order why the petition should not be dismissed as time-barred.

## Background

On July 15, 2004, petitioner was convicted of three counts of robbery in the first degree before the New York Supreme Court, Kings County and sentenced to 21 years imprisonment. See Petition at ¶¶ 1-5. On November 21, 2006, the Appellate Division affirmed the conviction, People v. Lee, 34 A.D.3d 696 (2d Dep't 2006), and the New York Court of Appeals denied leave to appeal on February 13, 2007, People v. Lee, 8 N.Y.3d 882 (2007) and for reconsideration on

June 20, 2007. People v. Lee, 9 N.Y.3d 846 (2007). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at ¶ 9(h).

## Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about September 18, 2007, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334, 127 S. Ct. 1079 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before September 18, 2008.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

On April 29, 2008 (228 days after the conviction became final), petitioner filed a post-conviction motion under New York Criminal Procedure Law § 440.10 which was denied on July 10, 2008 and which remained pending until December 2, 2008, when the Appellate Division denied his application to appeal. See Petition, Unmarked Exhibit. On August 12, 2008, petitioner also filed a post-conviction motion seeking to be resentenced which was denied on September 2, 2008. See Petition, Unmarked Exhibit. Because both post-conviction motions were filed before the one-year period of limitations expired on September 18, 2008, petitioner is entitled to tolling while these post-conviction motions were pending before the state courts. However, petitioner's remaining 142 days (365-228=142) to file his federal petition after the December 2, 2008 Appellate Division decision, expired on April 22, 2009. Petitioner filed this proceeding on August 28, 2009, well outside the one-year period.

In addressing the timeliness of this petition, petitioner alleges that "the Department of Corrections had mishandle [sic] my property which was losted [sic] and damaged. All my legal documents have been lost." Petition at ¶ 18. He further alleges that he attempted to recover these documents by requesting them from the state courts, but could not afford to do so. Id.

The limitations period may be equitably tolled if petitioner can demonstrate that (i) extraordinary circumstances prevented him from filing his petition on time, and (ii) he acted with reasonable diligence throughout the period he seeks to toll. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); see also Lawrence, 549 U.S. at 336 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal citation omitted). The Second Circuit has held that equitable tolling should be applied only in "rare and exceptional circumstances." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005)

(quoting Smith, 208 F.3d at 17). As currently presented, petitioner does not provide a basis for seeking equitable tolling. The loss of legal documents alone does not generally warrant equitable tolling. See, e.g., Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfer between facilities . . . and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.")(collecting cases); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (same); see also Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) (confiscation of legal papers by prison officials insufficient for equitable tolling where petitioner failed to show reasonable diligence) (citing Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000)).

## Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
September 24, 2009

---

[2] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

KAREEM LEE,

                Petitioner,                        **PETITIONER'S AFFIRMATION**

   -against-

                                                  **09-CV-4006 (BMC)**

BRIAN FISCHER,

                Respondent.
_____X

KAREEM LEE, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated September 24, 2009. The instant petition should not be time-barred by the one-year period of limitation because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____          _____
                                Signature & Identification Number

                                _____
                                Address

                                _____

                                _____
                                City, State & Zip Code